Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KRYSTA BESSER, an Individual,<br>JOHN CHANOUZAS, an Individual,<br>RAMONA DRAGOMIR, an Individual,<br>IDA HUBER, an Individual,<br>HEIDI KLINE, an Individual,<br>TERESE LAMPA, an Individual,<br>JONNA'K POLLEY, an Individual,<br>KATHLEEN TERLECKI, an Individual,<br>THOMAS WRAY, an Individual,<br>JIMMIE JARAMILLO, Sr., an Individual,<br><br>          Plaintiffs,<br><br>    v.<br><br>LEGACY HEALTH, a corporation,<br><br>          Defendant. | Case No.<br><br>CONSOLIDATED COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs, through counsel, come before the Court to file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

## INTRODUCTION

This case centers around the Plaintiffs, former employees of various health care entities owned by Defendant Legacy, and the unlawful religious or medical discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

Page 1 –COMPLAINT FOR DAMAGES

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Portland Metropolitan Area. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

2.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

3.

As described in greater detail below, each of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic, which began in March of 2020. Each Plaintiff was an exceptional employee, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

4.

In the summer of 2021, the Defendant imposed a vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema to the

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

5.

Each Plaintiff held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines. Their religious beliefs were in direct conflict with taking the COVID-19 vaccine. Their individual stories are below.

6.

**KRYSTA BESSER**

Plaintiff Krysta Besser was employed as a Registered Nurse for over six years at Legacy Emanuel Medical Center. During the time that Plaintiff Besser was employed with Legacy, she was Employee of the Month, acquired her certified medical surgery registered nurse certificate, took on the responsibilities of Charge Nurse and trained new hires.  Plaintiff Besser received consistently positive reviews and was described as upbeat, positive, helpful, and a team player.

7.

When Legacy imposed its vaccine mandate, Plaintiff Besser applied for both a religious exception and a medical exception based on her pregnancy at the time and her desire to breastfeed her baby. Plaintiff Besser obtained a medical exception form from her provider, who requested a deferral on the COVID-19 vaccine because there had been no studies on the safety of pregnant and lactating women and their babies receiving the COVID-19 vaccines. Plaintiff Besser had reason to be concerned about taking the COVID-19 vaccine because she previously had an adverse reaction to a flu shot.

8.

Plaintiff Besser also has strongly held Christian beliefs that prevented her from being able to take the COVID-19 vaccine. She believes that life begins at conception and that putting a vaccine that used fetal cells in the testing or manufacture into her body would dishonor God.

Page 3 –COMPLAINT FOR DAMAGES

9.

Both of Plaintiff Besser's exception requests were denied by Defendant and she was placed on unpaid administrative leave on October 1, 2021, and terminated on October 18, 2021. Plaintiff Besser was eventually hired at another facility who respected her religious beliefs and accommodated her religious exception.

10.

Plaintiff Besser has been traumatized by this experience and has suffered mental and emotional distress, including extreme stress and insomnia. Plaintiff Besser was forced to use all her accrued time off after being terminated, which she had been saving for her upcoming maternity leave. She and her family lost their health insurance, forcing her to pay substantially more for prenatal, delivery and postnatal care.

11.

Plaintiff Besser received a right to sue letter from the EEOC on August 3, 2023. Plaintiff Besser has suffered economic damages of at least $265,000.00 in lost wages, and non-economic damages of at least $800,000.00 or an amount to be determined at trial.

12.

**JOHN CHANOUZAS**

Plaintiff John Chanouzas worked for over sixteen years as a Food and Nutrition Supervisor for Legacy Good Samaritan Hospital. Plaintiff Chanouzas worked in the kitchen area and consistently received stellar reviews. At the start of the pandemic, he worked constantly to cover multiple positions for coworkers when they called out sick.

13.

When the COVID-19 mandate was imposed, Plaintiff Chanouzas suddenly went from a valued member of the community to being vilified for not taking the vaccine. The workplace became a hostile environment. He was not allowed to eat lunch at his desk, was discouraged from interacting with coworkers, and was constantly pressured by his managers to receive the vaccine.

14.

On or about August 29, 2021, Plaintiff Chanouzas applied for a religious exception to the COVID-19 vaccine, due to his Greek Orthodox religious beliefs. He believes that his body is his temple given to him by God and that he must keep it clean of impurities, which includes the COVID-19 vaccine. Legacy denied his religious exception request and Plaintiff Chanouzas was placed on unpaid leave on September 27, 2021, and terminated on October 19, 2021.

15.

Plaintiff Chanouzas applied for unemployment, but he was unable to collect benefits. Plaintiff Chanouzas lost his income, seniority, vacation, and benefits, which has had a devastating effect on both him and his family. Plaintiff Chanouzas lost health benefits for himself and his family, and was unable to afford the COBRA insurance. He has been unable to obtain other employment and was forced to withdraw money from his retirement account. Due to Legacy's unlawful termination of Plaintiff Chanouzas, he has suffered extremely high blood pressure and has anxiety attacks. The stress of his termination on Plaintiff Chanouzas and his family is immense and ongoing.

16.

Plaintiff Chanouzas received a right to sue letter from the EEOC on August 1, 2023. Plaintiff Chanouzas suffered economic damages of at least $410,000.00 in current and future wage loss, lost benefits and retirement contributions, and non-economic damages of at least $800,000.00, or an amount to be determined at trial.

17.

**RAMONA DRAGOMIR**

Plaintiff Ramona Dragomir was employed for over six years as a Registered Nurse at Legacy Mount Hood Medical Center. She received excellent annual reviews and positive feedback from peers and managers and compliments from patients. As a nurse, she had direct contact with patients, including COVID-19 positive patients. At the beginning of the pandemic, due to the

shortage of PPE, she was given a single mask (sometimes handmade) to wear for an entire shift. Despite this, she never called in sick and was there for all her scheduled shifts.

18.

Plaintiff Dragomir has deeply held Christian beliefs and filed a request for a religious exception to the vaccine mandate on August 31, 2021. Plaintiff Dragomir believes that abortion is a crime and a sin against God. Taking a COVID-19 vaccine, which was developed or tested on aborted fetal cells, would have been a breach of her lifetime religious beliefs and convictions. Plaintiff Dragomir's exception request was denied, based on two criteria. The first was consistency, referring to her previous vaccination history, and second, how clearly her religious beliefs were explained.  Plaintiff Dragomir was not notified of these criteria before submitting her exception request. Plaintiff Dragomir still wonders how Legacy was able to obtain her personal vaccination records as she did not provide them, and consistently declined the yearly flu shots. Plaintiff Dragomir was placed on unpaid leave on October 1, 2021, and then terminated on October 18, 2021.

19.

Plaintiff Dragomir claimed unemployment benefits, but even after winning an appeal, did not receive benefits.  Eventually, after searching and applying for jobs without results, Plaintiff Dragomir was forced to take a contract position in Florida. Due to the great distance from Oregon and her family, the entire family, including children and an elderly mother, relocated to Florida for the duration of the work contract.  After their return to Oregon, Plaintiff Dragomir continued her job search, without results. Plaintiff Dragomir and her family decided to move away from Oregon permanently, selling their home and moving across the country back to Florida. The loss of Plaintiff Dragomir's job caused great emotional distress, worry, anxiety, depression, and upheaval for herself and her whole family.

20.

Plaintiff Dragomir received a right to sue letter from the EEOC on August 8, 2023. Plaintiff

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Dragomir suffered economic damages of at least $70,000.00 in past and future wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $140,000 or in an amount to be determined at trial.

21.

**IDA HUBER**

Plaintiff Ida Huber is a Registered Nurse who was employed by Legacy Silverton Medical Center for over one year. She worked in the surgical department and voluntarily floated to the medical/surgical floor when necessary to care for COVID patients, always complying with the PPE requirements of the hospital. She received consistently positive performance reviews.

22.

Plaintiff Huber applied for a religious exception to the vaccine mandate on August 27, 2021, due to her deeply held Christian beliefs. She believes that life begins at conception and that the use of cells from aborted tissue for the testing and development of the COVID-19 vaccines goes against her belief system. Plaintiff Huber's exception request was denied, she was placed on unpaid leave on October 1, 2021, and terminated on October 19, 2021.

23.

Prior to her termination, Plaintiff Huber had begun to work a few shifts for Salem Health West Valley Hospital. She was able to continue working in a part-time position for Salem Health, which accepted her religious exception request. However, in the wake of her termination from Legacy, Plaintiff Huber lost her benefits, including health insurance, and her financial damages were substantial. In addition, Plaintiff Huber now had a much longer commute and has incurred additional travel expenses.

24.

Plaintiff Huber received a right to sue letter from the EEOC on August 8, 2023. Plaintiff Huber suffered economic damages of at least $130,000.00 in past and future wage loss, and non-economic damages in an amount to be determined at trial.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

25.

## HEIDI KLINE

Plaintiff Heidi Kline worked for over eighteen years as a Registered Nurse at Legacy Silverton Hospital.  She worked on the medical surgical unit and had planned to retire from there. She loved her job, was a resolute employee with consistently positive reviews, and her coworkers had become like family.

26.

Plaintiff Kline declined the flu vaccine every year by signing a declination form. When the COVID-19 vaccines came out, she declined that also, signing the declination form. When the COVID-19 vaccine mandate was imposed, Plaintiff Kline filled out the appropriate paperwork to obtain a religious exception, obtained a letter from her pastor, and anticipated that it would be accepted.  Instead, her application for a religious exception was declined. Plaintiff Kline was placed on unpaid leave on or about October 1, 2021, and terminated on October 19, 2021. Notably, Legacy later allowed COVID-19 positive employees to work due to the shortage of staff.

27.

Plaintiff Kline applied for, and received, unemployment benefits.  She eventually obtained new employment, where her religious exception was accepted, and she was allowed to work. The loss of Plaintiff Kline's job caused tremendous stress, anxiety, and trauma.  She lost not only her income but her seniority, her benefits, and her community.

28.

Plaintiff Kline received a right to sue letter from the EEOC on September 18, 2023. Plaintiff Kline suffered economic damages of at least $10,000.00 in past and future wage loss, and non-economic damages of no less than $20,000.00 or in an amount to be determined at trial.

29.

## TERESE LAMPA

Plaintiff Terese Lampa worked as a Registered Nurse for over ten years for Legacy

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Silverton Hospital. She worked directly with patients in a clinic setting and loved her job. She planned to spend the rest of her nursing career working for Legacy.  Plaintiff Lampa also served her community as a school nurse for the Silver Falls School District.

30.

Plaintiff Lampa applied for a religious exception to the vaccine mandate on August 30, 2021, due to her deeply held Christian beliefs. Plaintiff Lampa believes strongly in the sanctity of all life, which includes the unborn. She believes that life begins at conception and that the use of cells from aborted fetal tissue for the testing and development of the COVID-19 vaccines goes against God, and to take the vaccine would be a sin. Plaintiff Lampa's exception request was denied, she was placed on unpaid leave on October 1, 2021, and terminated on October 19, 2021. Plaintiff Lampa repeatedly requested information as to why her exemption had been denied., but was ignored.

31.

Prior to being placed on unpaid leave Plaintiff Lampa suffered a hostile work environment, where she was made to feel socially isolated and discriminated against.  Coworkers wore t-shirts stating they were vaccinated, which caused patients to be fearful or not want to be treated by Plaintiff Lampa. In addition, Legacy gave bonuses to those who were vaccinated, but terminated those workers whose religious beliefs prevented them from getting vaccinated.

32.

During this time, and for months after her termination, Plaintiff Lampa suffered intense anxiety, insomnia, pain in her neck, shoulders and back, and gastrointestinal upset, all of which was determined to be symptoms due to the stress associated with the loss of her job. In addition, Plaintiff Lampa lost the income that she and her family relied on to help pay bills, which was extremely upsetting and defeating. Plaintiff received unemployment benefits and eventually obtained a position as an in-home infusion nurse.  This position involves travel, pays considerably less, and offers fewer hours.

33.

Plaintiff Lampa received a right to sue letter from the EEOC on August 8, 2023. Plaintiff Kline suffered economic damages of at least $170,000.00 in past and future wage loss, and non-economic damages of no less than $125,000.00 or in an amount to be determined at trial.

34.

**JONNA'K POLLEY**

Plaintiff Jonna'K Polley worked for approximately fourteen years as a Respiratory Therapist at Legacy Emanuel Hospital. She always had great reviews and was highly respected by her colleagues. Although she was part-time, she often worked full-time hours. Plaintiff Polley worked in an office by herself calling patients and scheduling appointments. During the pandemic, when she had a patient in her office, she adhered to all PPE protections. She scheduled patients with time to allow her to properly clean the room between patient visits. Plaintiff Polley was willing and able to follow any procedures necessary to keep her patients safe and allow her to keep her job.

35.

Plaintiff Polley applied for a religious exception to the vaccine mandate on September 3, 2021, due to her deeply held Christian beliefs. She had signed a declination against receiving the flu shot for the past thirteen years. Plaintiff Polley's exception request was denied, she was placed on unpaid leave and then terminated on October 19, 2021. Plaintiff Polley lost the income and benefits, including medical and dental insurance, that she and her family relied on. Plaintiff Polley suffered immense stress, anxiety, and worry.

36.

Plaintiff Polley received a right to sue letter from the EEOC on August 29, 2023. Plaintiff Polley suffered economic damages of at least $150,000.00 in past and future wage loss, and non-economic damages of no less than $300,000.00 or in an amount to be determined at trial.

37.

**KATHLEEN TERLECKI**

Plaintiff Kathleen Terlecki worked for approximately four years as a Registered Nurse in the Day Treatment/Infusion Clinics in Silverton and Woodburn. Plaintiff Terlecki always received positive performance reviews and high praise from her manager. She worked on-call and would work between six and fifteen shifts monthly.

38.

Plaintiff Terlecki applied for a religious exception to the vaccine mandate on August 30, 2021, due to her deeply held Christian beliefs. Her exception request was denied, she was placed on unpaid leave and terminated on October 19, 2021.  Plaintiff Terlecki had always been an exemplary employee, had great reviews from her peers and patients, picked up shifts and covered her team when needed, and suddenly, from one day to the next, she was no longer safe to be at work due to her sincerely held religious beliefs. One day she was a hero working in the pandemic, the next day discarded. When Plaintiff Terlecki received her denial letter, she was heartbroken, depressed, and unsure how she would provide for her family.

39.

Prior to being placed on unpaid leave, Plaintiff Terlecki was subjected to a hostile work environment, including angry and hostile comments from coworkers. Legacy encouraged vaccinated workers to place a sticker on their badge identifying that they had been vaccinated and provided t-shirts indicating they had got the vaccine.  This made it obvious that Plaintiff Terlecki was unvaccinated, which made her feel uncomfortable, embarrassed, and awkward. In the past, for any other vaccine, a simple declination form was available and accepted by Legacy.  During this time, Plaintiff Terlecki continued to be asked to pick up shifts and work directly with patients.

40.

Plaintiff Terlecki's physical, emotional, and mental wellbeing has been greatly impacted. She suffered mental and emotional distress including anxiety, depression, embarrassment, fear,

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

and anger. She still suffers from anxiety and depression. Plaintiff Terlecki was told that she may lose her nursing license in Oregon and applied for licenses in other states, which was time consuming and costly. Plaintiff Terlecki eventually obtained new employment as a full-time employee, but still makes less than she did with Legacy.

41.

Plaintiff Terlecki received a right to sue letter from the EEOC on August 8, 2023. Plaintiff Terlecki suffered economic damages of at least $225,000.00 in past and future wage loss, and non-economic damages of no less than $675,000.00 or in an amount to be determined at trial.

42.

**THOMAS WRAY**

Plaintiff Thomas Wray worked for approximately nine years, including as a Dispatcher and Courier Lead. He became a superuser for Legacy's new tracking system and trained the Couriers. In addition to these duties, he checked in patients, answered patient questions, and assisted Phlebotomists with difficult blood draws. Plaintiff Wray always received positive reviews and accolades from both management and coworkers.

43.

Plaintiff Wray applied for a religious exception to the vaccine mandate on September 10, 2021, due to his deeply held Christian beliefs. He believes that God loves and protects him, and that God told him not to get the COVID-19 vaccine.  Plaintiff Wray's exception request was denied, he was placed on unpaid leave on October 1, 2021, and terminated on October 19, 2021.

44.

As a result of his termination, Plaintiff Wray and his family made the difficult decision to uproot their family and move to Texas to find a place where he could be employed, and his religious rights respected. Plaintiff Wray was forced to refinance his properties and withdraw money from his retirement account to cover costs and pay for health insurance.  Although Plaintiff Wray has found new employment, he is making less money.  He misses his family and his home

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

state of Oregon, his coworkers from Legacy and many of the patients and clients he provided service for.

45.

Plaintiff Wray received a right to sue letter from the EEOC on August 29, 2023. Plaintiff Wray suffered economic damages of at least $53,000.00 in past and future wage loss, and non-economic damages of no less than $160,000.00 or in an amount to be determined at trial.

46.

**JIMMIE JARAMILLO, Sr.**

Plaintiff Jimmie Jaramillo, Sr. worked for over five years as an Environmental Services Technician/Housekeeping Lead. He loved his job and received good reviews.  Plaintiff Jaramillo worked mainly at night with minimal patient contact.

47.

Plaintiff Jaramillo applied for a religious exception to the vaccine mandate on August 31, 2021, due to his deeply held Christian beliefs. He believes that life begins at conception and will not take a vaccine that was tested or developed using aborted fetal cells.  He also trusts that God gave him a healthy immune system. Plaintiff Jaramillo's exception request was denied, he was placed on unpaid leave on October 1, 2021, and terminated on October 19, 2021.

48.

Plaintiff Jaramillo was denied unemployment benefits and has not found a replacement for his job with Legacy. Although he has worked a few jobs he makes substantially less money. This has severely impacted his financial situation. Plaintiff Jaramillo has suffered mental and emotional distress, including depression.

49.

Plaintiff Jaramillo received a right to sue letter from the EEOC on August 29, 2023. Plaintiff Jaramillo suffered economic damages of at least $60,000.00 in past and future wage loss, and non-economic damages of no less than $120,000.00 or in an amount to be determined at trial.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

50.

Until the COVID-19 pandemic unfolded, none of the Plaintiffs sincerely held religious beliefs had caused conflict with their work requirements.

51.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating them being placed on unpaid administrative leave, followed by termination.

52.

Upon information and belief, the Defendant's adverse employment actions against Plaintiffs were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory and retaliatory. Each of the Plaintiffs should have been given reasonable accommodations to continue working for Defendant.

53.

Each of the Plaintiffs has suffered significant economic loss and emotional distress as a consequence of the Defendant's unlawful conduct.

54.
**FIRST CLAIM FOR RELIEF – All Plaintiffs**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

55.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

56.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

57.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

58.

Instead of finding reasonable accommodation or set of accommodations to accommodate the Plaintiffs' religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

59.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

60.
**SECOND CLAIM FOR RELIEF- All Plaintiffs**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

61.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

62.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

63.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiffs' religious beliefs.

64.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

65.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

66.

### THIRD CLAIM FOR RELIEF – Plaintiff Krysta Besser
### (Unlawful Employment Discrimination Based on Disability
### in Contravention of Or. Rev. Stat. § 659A.112)

67.

Plaintiff Besser realleges all paragraphs above and below as if fully set forth herein.

68.

Plaintiff Besser is a member of a protected class on the basis of her medical condition (pregnancy) because she was unable to submit to a COVID-19 vaccine, as there were no studies done on pregnant and lactating women as to the possible harms caused by the vaccines.

69.

Defendant failed to make a good faith effort to accommodate Plaintiff Besser's medical exception. It would not have been an undue burden to have allowed Plaintiff Besser to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

70.

Instead of finding reasonable accommodation or a set of accommodations for her medical exception, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff Besser being placed on unpaid administrative leave, and then terminated. The unlawful discrimination against Plaintiff Besser by Defendant as outlined above was a proximate cause of Plaintiff Besser's wrongful termination.

71.

As a result of Defendant's violation of O.R.S. 659A.112, Plaintiff Besser has been damaged in an amount of no less than $265,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff Besser also seeks punitive damages. Plaintiff Besser further seeks attorney's fees.

72.

**FOURTH CLAIM FOR RELIEF -Plaintiff Krysta Besser**
**(Unlawful Discrimination in Contravention of American Disabilities Act**
**42 U.S.C. §12101 et seq.)**

73.

Plaintiff Besser realleges all paragraphs above and below as if fully set forth herein.

74.

Plaintiff Besser is a member of a protected class due to a medical condition (pregnancy) because she was unable to submit to a COVID-19 vaccine, as there were no studies done on pregnant and lactating women as to the possible harms caused by the vaccines. As a result of the mandate, and Defendant's actions in prohibiting Plaintiff Besser from working, Plaintiff Besser no longer had time saved for maternity leave, or health insurance for herself and her upcoming

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

delivery and care, causing emotional trauma and anxiety.

75.

When Plaintiff Besser informed Defendant of her medical concerns regarding the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff Besser. It would not have been an undue burden to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

76.

Instead of finding reasonable accommodation or a set of accommodations for her medical status, the Defendant engaged in a series of adverse employment actions culminating in placing Plaintiff Besser on unpaid administrative leave and then terminated her. The unlawful discrimination against Plaintiff Besser's medical disability (and resulting anxiety) by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

77.

As a result of Defendant's unlawful discrimination, Plaintiff Besser has been damaged in an amount to be determined at trial, but that exceeds $265,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff Besser also seeks punitive damages. Plaintiff Besser further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment against Defendant and seek the following relief:

1. Judgments in favor of Plaintiffs and against Defendant on all claims relevant to them in an

Page 18 –COMPLAINT FOR DAMAGES

amount to be determined at trial.

2.  Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.

3.  Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.

4.  Any other relief as the Court deems just and equitable.

DATED this 3rd day of October, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff